# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**RICHARD WRIGHT**                                                                                          **PLAINTIFF**

**V.**                                                                                        **NO. 3:25-CV-20-DMB-RP**

**GARRICK DWAYNE MOERING;**
**MAINSTREAM TRANSPORTATION,**
**INC.; DART TRANSIT COMPANY;**
**JOHN DOE ENTITIES 1-5; and**
**JOHN DOE PERSONS 1-5**                                                                   **DEFENDANTS**

## ORDER

On September 6, 2024, Richard Wright filed a complaint in the United States District Court for the Southern District of Mississippi against Garrick Dwayne Moering; Mainstream Transportation, Inc.; Dart Transit Company; John Doe Entities 1-5; and John Doe Persons 1-5. Doc. #1. On December 26, 2024, Wright, "[p]ursuant to Fed. R. Civ. P. 41(a)(1)," filed a "Voluntary Stipulation of Dismissal Without Prejudice" ("Dismissal Filing"), specifying that "Dart … is hereby dismissed as a party from this action, without prejudice." Doc. #10 (emphasis omitted). This case was transferred to the Northern District of Mississippi pursuant to order entered January 24, 2025.[1] Doc. #17. On May 1, 2026, Dart filed a motion asking "the Court to direct the Clerk of this Court to mark [it] as 'terminated' on the docket" because "[o]n December 16, 2024, [it] was voluntarily dismissed by [Wright] under Federal Rule of Civil Procedure 41(a)(1)."[2] Doc. #116 at 1 (citing Doc. #10).

---

[1] On October 31, 2025, United States Magistrate Judge Roy Percy granted 10 Roads Express, LLC's motion to intervene as a party plaintiff. Doc. #58. 10 Roads filed its "Complaint in Intervention" on November 11. Doc. #59.

[2] Dart elaborates:

> Despite the dismissal, the office of the Clerk has twice served ECF "notices of incomplete process" as to [it]. (See text-only docket entries on March 5, 2026, and April 30, 2026.) Counsel for [it] inquired of a deputy clerk, who explained that although [it] has been dismissed, it has not been

Federal Rule of Civil Procedure 41(a)(1)(A) authorizes dismissal by the plaintiff "[w]ithout a court order by filing" either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(i)-(ii). Though Wright's Dismissal Filing includes the word "stipulation" in its title, it is in substance a notice of dismissal under Rule 41(a)(1)(A)(i) because it is signed only by Wright, and was filed before Dart was served (and necessarily before Dart filed an answer or motion for summary judgment). A dismissal under Rule 41(a)(1)(A)(i) is effectuated upon the filing of the notice. *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015). And because the Dismissal Filing complies with Rule 41(a)(1)(A)(i), Dart was dismissed upon its filing. Since Dart has been dismissed, Dart's motion to terminate it on the docket [116] is **GRANTED**. The Clerk of the Court is **DIRECTED** to terminate Dart on the docket.

    **SO ORDERED**, this 8th day of May, 2026.

/s/Debra M. Brown       
**UNITED STATES DISTRICT JUDGE**

---

marked "terminated" on the docket. The deputy clerk further explained that an order from the Court may be necessary in order to change [its] status.

Doc. #116 at 1.